UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUL 1 0 2017
CLERK

| | |
|---|---|
| RANDY RINDAHL,<br><br>   Plaintiff,<br><br>vs.<br><br>KAEMINGK, D. Sec. if Corrections;<br>YOUNG, D. Warden;<br>PONTO, T. Assoc. Warden;<br>ALLCOCK, A. Assoc. Warden;<br>DITMANSON, K. Section Manager;<br>MELROSE, T. Section Manager<br>ANY AND ALL UKNOWN 'DOC'<br>PERSONNEL,<br><br>   Defendants. | 4:17-CV-04088-RAL<br><br><br>ORDER DENYING LEAVE TO<br>PROCEED IN FORMA PAUPERIS |

Plaintiff, Randy Rindahl, moves for leave to proceed in forma pauperis. Docket 2. The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Rindahl has filed more than 3 cases that were dismissed as frivolous, malicious, or lacking merit. *See Rindahl v. Young et al*, Civ. 15-4182-RAL Docket 9 (citing *Rindahl v. Daugaard et al*, Civ. 11-04082-KES Docket 48 at 3-5; Docket 58 at 14). He is, therefore, barred from filing a federal civil case

unless he pays the filing fee in full or alleges imminent danger of serious physical injury.

Liberally construed, Rindahl's complaint does not allege imminent danger of serious physical injury. Although he alleges defendants' actions have led to injuries, he has not explained what happened. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("conclusory assertions" were insufficient to "invoke the exception to § 1915(g)"). Rindahl complains that he will be double celled, and suggests that he should not be under the Prison Rape Elimination Act ("PREA"). Courts have found that PREA, however, does not create a private right of action enforceable by an individual civil litigant. *Woods v. Hays*, No. 2:15CV13 CDP, 2015 WL 3645141, at *2 (E.D. Mo. June 10, 2015); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir.), *cert. denied*, 136 S. Ct. 238 (2015). This Court agrees. Further, Rindahl cannot state a claim that defendants violated prison policy because "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *see also Moore v. Rowley*, 126 F. App'x 759 (8th Cir. 2005).

Accordingly, it is

ORDERED that Rindahl's motion to proceed in forma pauperis (Docket 2) is DENIED.

IT IS FURTHER ORDERED that Rindahl shall pay the full filing fee of $400.00 to the clerk of court by **August 10, 2017**, or he may amend his complaint to show imminent danger of serious physical injury. If he fails to do so, the case will be dismissed without prejudice.

Dated July 10th, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE