UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
Nov 21 2017
CLERK

| | |
|---|---|
| RANDY RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>D. KAEMINGK, SEC. OF CORRECTIONS; OFFICIAL AND UNOFFICIAL CAPACITY; D. YOUNG, WARDEN; OFFICIAL AND UNOFFICIAL CAPACITY; T. PONTO, ASSOC. WARDEN; OFFICIAL AND UNOFFICIAL CAPACITY; A. ALLCOCK, ASSOC. WARDEN; OFFICIAL AND UNOFFICIAL CAPACITY; K. DITMANSON, SECTION MANAGER; OFFICIAL AND UNOFFICIAL CAPACITY; T. MEIROSE, SECTION MANAGER; OFFICIAL AND UNOFFICIAL CAPACITY; AND ANY AND ALL UNKNOWN 'DOC' PERSONNEL, OFFICIAL AND UNOFFICIAL CAPACITY;<br><br>Defendants. | 4:17-CV-04088-RAL<br><br>ORDER DENYING RULE 60 MOTION |

Plaintiff, Randy Rindahl, filed a complaint under 42 U.S.C. § 1983 and moved for leave to proceed in forma pauperis. Doc. 1; Doc. 3. On July 10, 2017, this Court denied Rindahl's motion to proceed in forma pauperis because his litigation history restricts his filings under the Prison Litigation Reform Act. This Court ordered Rindahl to pay the filing fee in full by August 10, 2017, or amend his complaint to show imminent danger of serious physical injury. Doc. 4. Rindahl failed to pay his filing fee or amend his complaint to show imminent danger of serious physical injury, and this Court dismissed his case on August 22, 2017. Doc. 6. Rindahl then filed

a notice of appeal. Doc. 8. Rindahl now moves this Court to vacate or reconsider its order under Rule 60(a) and Rule 60(b). Doc. 16.

Rule 60(a) permits the court to correct a clerical mistake or mistake arising from oversight in a judgment or an order, but "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). *See In re Modern Textile, Inc.*, 900 F.2d 1184, 1193 (8th Cir.1990) (stating that the underlying purpose of Rule 60(a) is to "ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made with the appellate court's knowledge and authorization."). Rindahl filed an appeal in this case. Doc. 8. This Court is therefore deprived of jurisdiction to grant Rindahl's prayer for relief under Rule 60(a), even if it were inclined to do so.

Rule 60(b) permits a court to relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect; or any other reason that justifies relief. "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994)). "Rule 60(b) is a motion grounded in equity and exists 'to prevent the judgment from becoming a vehicle of injustice.' " *Id.* (quoting *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)). If the Rule 60(b) motion is filed after a notice of appeal has been filed, the Eighth Circuit has instructed that a district court to consider the motion and assess its merits. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). "A motion for relief from a judgment or order filed after a notice of appeal for the same order has been taken may be considered on its merits and *denied*, but not *granted*,

by the trial court." *Brode v. Cohn*, 966 F.2d 1237, 1240 (8th Cir. 1992) (citing *Winter v. Cerro Gordo Cty. Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991)).

Rindahl contends this Court acted fraudulently and misrepresented facts in dismissing Rindahl's action pre-service, pursuant to 28 U.S.C. § 1915(g). Doc. 16 at 4, 6, 9. Rindahl claims this Court should have granted him in forma pauperis status because he demonstrated a pattern of misconduct by defendants evidencing the likelihood of imminent serious physical injury. *Id.* at 3. Liberally construed, Rindahl's complaint and affidavit do not allege a pattern of misconduct by defendants evidencing a likelihood of imminent serious physical injury to Rindahl. Rindahl also contends that he successfully stated a claim under SDCL 24-2-10 and a claim that prison policy violates Rindahl's constitutional rights. *Id.* at 5-6. At this point in time, it is unnecessary to evaluate whether or not Rindahl stated a claim. Rindahl failed to pay the full filing fee or successfully demonstrate imminent danger of serious physical injury. Rindahl's motion for relief under Rule 60(b) is denied.

Accordingly, it is

ORDERED that Rindahl's motion under Rule 60(a) and 60(b) (Doc. 16) is denied.

Dated this 21st day of November, 2017.

BY THE COURT:

Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE